UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DORJAN HARRIS,

               Plaintiff,

       -against-

ERROL TOULON *et al*,

               Defendants.
----------------------------------------------------------------X

*SUA SPONTE*
**REPORT AND RECOMMENDATION**
23-CV-02488 (OEM) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff Dorjan Harris, proceeding *pro se*, commenced this action pursuant to 42 U.S.C § 1983 on March 29, 2023, against Errol Toulon, Head Sheriff of Suffolk County, and Correctional Officers Albert Janke (Badge Number: 1179), Mark Fazio (Badge Number: 1209), John Keane (Badge Number: 1114), and George Pelletier (Badge Number: 1220) (collectively "Defendants"). Plaintiff alleges that he was able to obtain computer access at the Yaphank Correctional Facility for approximately seven or eight months.[1] (ECF No. 1 at 4.) He states that Defendants told him the "server is down." (*Id.*) Plaintiff further contends that he is only allowed to go to the law library once a week for one hour and 45 minutes, which is not enough time for him to work on his case. (*Id.*) He maintains that he has submitted several grievances detailing this issue. (*Id.* at 4, 6-8.) He seeks relief in the amount of $5 million for this denial of access to the law library including the Internet, Westlaw, and additional paper work. (*Id.* at 5.)

---

[1] Plaintiff is no longer incarcerated and currently resides at 19 Scott Avenue Deer Park, NY 11729. (ECF No. 16.)

Since the commencement of the action over one year ago, Plaintiff has failed to appear for three conferences[2] and has failed to comply with several Court orders. The Court has made abundantly clear that Plaintiff's noncompliance would have repercussions, including recommended dismissal, by forewarning that continued failure to abide by Court orders could result in the undersigned recommending to the district judge that this case be dismissed for the failure to prosecute. (*See* ECF Nos. 33, 35, and 37.) Plaintiff has now gone radio silent. Because those warnings were not heeded and in fact ignored, the Court now respectfully recommends to the Hon. Orelia E. Merchant that the action be dismissed for failure to prosecute.

## BACKGROUND

Following execution of the summonses, Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b). (ECF No. 23.) The Court set a briefing schedule for Defendants to submit briefs for their anticipated motion, with Plaintiff's opposition to be served by October 27, 2023. (*See* Electronic Order dated Aug. 28, 2023.)

In their motion, Defendants cited Plaintiff's failure to: (1) identify any personal involvement by the named Defendants; and (2) exhaust his administrative remedies despite his filing of four grievances and subsequent failure to appeal the decisions rendered by the grievance committee.[3] (ECF No. 31-11 at 10-11.) Specifically, Defendants contend that Plaintiff's four filed grievances were denied because he was given an adequate opportunity to go to the law library like all other inmates or was even given more time than the others in the library. (*Id.*) Further, all inmates, including Plaintiff, suffered from the server issues, so Plaintiff was never

---

[2] (*See* ECF Nos. 33, 35, and 37.)

[3] Inmates seeking to bring an action concerning prison conditions under section 1983 or "any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility" must first exhaust all administrative remedies available. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995).

2

"singled out." (*Id.*) On September 27, 2023, Plaintiff was served a copy of the notice of motion pursuant to Fed. R. Civ. P. 12(b)(6); supporting exhibits; and the memorandum of law. (ECF No. 27.) On November 30, 2023 Judge Merchant indicated that Plaintiff never served an opposition to the motion to dismiss. (Electronic Order dated Nov. 30, 2023.) She warned Plaintiff that if he did not serve and file an opposition by December 22, 2023, the motion would be considered unopposed and fully submitted. (*Id.*) Unsurprisingly, Plaintiff missed this filing deadline and Defendant subsequently filed a motion for judgment on the pleadings given these circumstances. (ECF No. 32.)

Separately, Plaintiff's history of non-compliance with Court-ordered conferences is also worth noting. Despite his appearance at the Initial Conference (ECF No. 28), Plaintiff failed to appear at the status conference on March 4, 2024. (ECF No. 33.) He was warned that failure to appear at future conference could result in a recommendation that the case be dismissed. (*Id.*) The undersigned then rescheduled the conference to March 21, 2024 and Defendants' counsel served a copy of this Order upon Plaintiff. (ECF Nos. 33 and 34.) Plaintiff again failed to appear at the March 21 conference and he was *again* warned that his case could be dismissed for failure to appear. (ECF No. 35.) Defendants' counsel once again served a copy of the Court's Order upon Plaintiff. (ECF No. 36.) Finally, at the most recent conference on April 23, 2024, Plaintiff failed to appear *for a third time* notwithstanding being served with the Court's Order to participate in the conference. (ECF No. 37.) The Court stated that it would be issuing a *sua sponte* report and recommendation to Judge Merchant that this case be dismissed for failure to prosecute. (*Id.*) Defendants' counsel served a copy of the undersigned's Order the very same day. (ECF No. 38.)

## **DISCUSSION**

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Madison v. Cuomo,* No. 20-CV-06489 (FPG), 2023 U.S. Dist. LEXIS 183264, at *4-5 (W.D.N.Y. Oct. 11, 2023) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is dispositive." *Id.* Here, all of the factors weigh in favor of dismissal.

Regarding the *first* and *second* factors, Plaintiff has notoriously failed to comply with Court orders or otherwise appear at Court-Ordered conferences. Below is a summary of such non-compliance.

4

| Date/ECF No. | Description | Service Made/Date |
|---|---|---|
| *August 28, 2023* | Electronic Order Setting Briefing Schedule – Judge Merchant set a briefing schedule for Defendants' anticipated motion to dismiss, whereby Plaintiff's opposition was due by October 27, 2023. | Yes August 29, 2023 |
| *November 30, 2023* | Electronic Order Regarding Briefing Schedule – Judge Merchant noted that Plaintiff failed to serve any opposition to his motion to dismiss. She extended the deadline to do so until December 22, 2023 and warned him that a failure to serve an opposition would mean the motion was "fully submitted." | Yes December 1, 2023 |
| *December 27, 2023* *ECF No. 32* | Defendants' Motion for Judgment on the Pleadings – Defendants stated that Plaintiff had not served any opposition to the motion to dismiss and requested that the motion be considered unopposed and fully submitted. | Yes December 27, 2023 |
| *March 4, 2024* *ECF No. 33* | Status Conference – Plaintiff failed to appear. The Court even attempted to contact Plaintiff via telephone and voicemail but to no avail. Defendants' counsel also advised the Court that she had not heard from Plaintiff since the Initial Conference. Plaintiff was cautioned that failure to appear at future conference may result in a recommendation that his case be dismissed. The conference was then adjourned for March 21, 2024. | Yes March 4, 2024 |
| *March 21, 2024* *ECF No. 35* | Status Conference – The Court waited 20 minutes for Plaintiff to appear. However, Defendant failed to appear despite the Court's emailing the Zoom invitation to Plaintiff and Defendant's serving the Order directing him to participate in this conference. He was again forewarned that failure to appear at the next conference would result in dismissal of his case. | Yes March 21, 2024 |
| *April 23, 2024* *ECF No. 37* | Status Conference – Plaintiff did not appear and the Court indicated that it would be recommending to the District Judge that the case be dismissed for failure to prosecute. | Yes April 23, 2024 |

Defendants' counsel has been diligent in providing Plaintiff with ample notice of Court conferences by serving the undersigned's Orders on the *same day* that Court directs service upon the Plaintiff. (*See* ECF Nos. 25, 34, 36, and 38.) Nonetheless, Plaintiff has failed to appear at a total of three conferences (ECF Nos. 33, 35, and 37) and even respond to Court directives regarding filing an opposition to Defendants' pending motion to dismiss although he was afforded an extension to do so. Plaintiff has been radio silent since September 27, 2023—seven

5

months to date.  (*See* ECF No. 33) (stating that Plaintiff has not been in contact with Defendants' counsel since the Initial Conference on September 27, 2023.)  Accordingly, these two factors weigh in favor of dismissal.  *See Griffin v. Capra,* No. 18-CV-10405 (KMK), 2022 WL 1003908, at *1-2 (S.D.N.Y. Apr. 4, 2022) (dismissing case where the delay lasted around eight months despite warnings that the case could result in dismissal for failure to prosecute); *Perez v. Edwards,* No. 20-cv-1359 (LJL), 2023 WL 5935029, at *1 (S.D.N.Y. Sept. 12, 2023) (dismissing plaintiff's case pursuant to Fed. R. Civ. P. 41(b) because plaintiff demonstrated a lack of interest in prosecuting his case and persistently failed to comply with several court-imposed deadlines).

*Third*, any further delay is likely to prejudice Defendant.  Plaintiff has failed, without explanation, to take any action in this case for a significant period of time.  *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020) ("Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'").  In addition to not appearing for three conferences, Plaintiff has not participated in the required motion practice despite being ordered to file an opposition on two occasions.  (*See* Electronic Orders dated Aug. 28, 2023 and Nov. 30, 2023.)  Defendants' continuous efforts to move this case along have been one sided for months.  Thus, this factor weighs in favor of dismissal.

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal.  "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard."  *Pena v. Zazzle*, No. 21-CV-5819 (VEC) (RWL), 2022 WL 676009, at *4 (S.D.N.Y. Feb. 25, 2022).  The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case.  *See id.*  Indeed, Plaintiff's failure to obey Court

6

numerous orders or make an attempt to prosecute this case effectively dismisses his right to have the Court hear his claim. *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective. Plaintiff has had numerous months to be heard, chances to cure his inaction, and warnings of possible dismissal. And still, he took no action. This indicates that it is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective."). Further, given Plaintiff's *in forma pauperis* status (ECF No. 7), it is unlikely monetary sanctions would be any more effective. *See Mannan v. Soc. Sec. Admin.*, No. 17-CV-06800, 2020 WL 2329282, at *2 (E.D.N.Y. May 11, 2020) ("Given Plaintiff's in forma pauperis status, monetary sanctions cannot be relied on because the plaintiff is indigent.") (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed for Plaintiff's failure to prosecute.

## OBJECTIONS

Defendant's counsel is directed to serve a copy of this Report and Recommendation on Plaintiff on or before May 3, 2024. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file

7

objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
April 29, 2024

**RESPECTFULLY RECOMMENDED:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge